## POPOWICH v. AMERICAN STEEL & WIRE CO.

(Circuit Court of Appeals, Sixth Circuit. June 10, 1926.)

No. 4550.

1. **Courts** ⊜⇒**368—Ruling of Ohio Supreme Court, that law requiring employer to furnish safe place was within Constitution and statutes, adhered to on rehearing, applies to action for injuries occurring subsequent to original ruling and before rehearing thereon (Gen. Code Ohio, §§ 871—15, 871—16; Const. Ohio, art. 2, § 35; Workmen's Compensation Act, § 29 [Gen. Code Ohio, § 1465—76]).**

Decision of Ohio Supreme Court, that Gen. Code Ohio, §§ 871—15, 871—16, relative to employer's duty to furnish safe place of employment for employees and frequenters, were within meaning of lawful requirements of Const. art. 2, § 35, and Workmen's Compensation Act, § 29, and adhered to on rehearing, applies to action for injuries occurring subsequent to original ruling and before rehearing thereon.

2. **Negligence** ⊜⇒**31—Recovery cannot be had for injuries to independent contractor's employee, working at place where no employee of defendant was required to work; "place of employment" (Gen. Code Ohio, §§ 871—15, 871—16).**

Employee of independent contractor, receiving injuries while washing windows for defendant at place where no employee of defendant was required to work, *held* not entitled to recover, under Gen. Code Ohio, §§ 871—15, 871—16, requiring safe place of employment for employees and frequenters, since "place of employment," as used therein, means place where some employee is required to work, either temporarily or permanently.

[Ed. Note.—For other definitions, see Words and Phrases, Place of Employment.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action by Paul Popowich against the American Steel & Wire Company, brought in the state court, and removed to the federal court on defendant's petition. Judgment for defendant, and plaintiff brings error. Affirmed.

Wilbur T. Smith, of Cleveland, Ohio, for plaintiff in error.

W. C. Boyle, of Cleveland, Ohio (Squire, Sanders & Dempsey and Thos. M. Kirby, all of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. The Cleveland Window Cleaning Company had a window-washing contract with the American Steel & Wire Company in August of 1923. Popowich, an employee of the cleaning company, while engaged in washing a window of the wire company's administrative building, slipped and fell from the ledge of the window and was injured. He brought this action in the state court against the wire company to recover damages for the injury occasioned by his fall. On petition of the defendant the cause was removed to the United States District Court, where issue was joined by proper pleadings. When the case was called for trial, counsel for plaintiff stated to the jury the facts upon which he relied for a recovery. At the close of his statement the defendant moved for and the court entered a judgment dismissing the cause. This ruling is assigned as error.

Plaintiff based his right to recover on sections 871—15 and 871—16 of the General Code of Ohio. The first-mentioned section provides that every employer "shall furnish a place of employment which shall be safe for the employees therein, and for frequenters thereof, and shall furnish and use safety devices and safeguards * * * and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees and frequenters." Section 871—16 provides that "no such employer shall fail to furnish, provide and use safety devices and safeguards * * * or neglect to do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees or frequenters."

"Place of employment" is defined by section 871—13 to mean and include "every place, whether indoors or out, or underground, and the premises appurtenant thereto where either temporarily or permanently any industry, trade or business is carried on, or where any process or operation, directly or indirectly related to any industry, trade or business is carried on, and where any person is directly or indirectly employed by another for direct or indirect gain or profit but shall not include any place where persons are employed in private domestic service or agricultural pursuits which do not involve the use of mechanical power." By section 871—13 (5) the term "frequenter" is defined to "mean and include every person, other than an employee who may go in or be in a place of employment under circumstances which render him other than a trespasser."

[1] The Supreme Court of Ohio, on June 12, 1923, in Automatic Sprinkler Co. v. Fen-

der, 108 Ohio St. 149, 141 N. E. 269, held that these sections of the statute were within the meaning of "lawful requirements," as that term was used in section 35, article 2, of the Ohio Constitution, and section 29 of the Workmen's Compensation Act (Gen. Code Ohio, § 1465-76), expressly overruling its former decisions to the contrary. Upon rehearing, the court, on October 23, 1923, adhered to its original ruling. Plaintiff was injured August 22, 1923, so that Sprinkler Co. v. Fender applies to this case, regardless of any subsequent changes in the Constitution or laws of the state.

It is contended by plaintiff that he was a "frequenter," within the meaning of the statute and that defendant violated sections 871 —15 and 871—16 by failing to furnish a place of employment which was safe for "the employees therein and for frequenters thereof," and also by failing to provide safety devices and safeguards reasonably necessary to protect the health and safety of "such employees or frequenters," and particularly that it failed and neglected to place hooks or iron rings in the outer walls or casings of the window to which a safety belt could be fastened, which it ought to have done in compliance with the statute.

Plaintiff was not an employee of the defendant, nor was he a trespasser. The purpose of the statute was to give to the employee a safe place in which to work, and safety devices and guards to protect him from injury in the course of his work. It was designed to fix the relations of employer and employee, but the Legislature saw fit to extend the protection given the employee—as we conceive it—to the frequenter of the place where the employee was required to be, and to protect him too while thereat against injury, thus affording to him collaterally the protection accorded the employee. Looking to this general purpose, we are brought to a consideration of the contention that plaintiff, an employee of an independent contractor, while standing on a window sill, engaged in washing windows, was entitled to the benefits of the statute.

[2] It is not claimed that any employee of defendant was required to work at the place where plaintiff was injured or to engage in the kind of work that he was doing. Hence, if the statute is to be made applicable to one situated as he was, its scope must be enlarged beyond its original aim of furnishing a safe place of employment, with safeguards and safety devices, for "employees therein, and for frequenters thereof." Section

871—13, defining "place of employment" as every place where any industry, trade or business is temporarily or permanently carried on, evidently refers, when considered in connection with the general purpose of the act, to such places thus defined as employees are required to be, either temporarily or permanently, or where they are directly or indirectly engaged in work relating to the industry, trade or business. The term "another," in the phrase "where any person is directly or indirectly employed by another for direct or indirect gain," etc., clearly means the employer having control of the employment and not any employer of any person, since the latter construction would be wholly outside the objects of the statute. Place of employment means, we think, the place where some employee is required to work, either temporarily or permanently. To include other places would be to divert the purpose of the statute and impose upon an employer the duty of making safe a place for one who is not an employee nor a frequenter of a place used temporarily or permanently by employees. To extend the duty to a place of that kind would be an expansion of the statute beyond its intended remedial effect.

Judgment affirmed.

---

## ARCH et al. v. UNITED STATES.
## THE ISLAND HOME.

(Circuit Court of Appeals, Fifth Circuit. May 12, 1926.)

No. 4498.

**1. International law ⬤⇒5.**

Under Act of March 2, 1799. (1 Stat. 646) § 25, United States has jurisdiction over marginal sea to at least four leagues for purpose of enforcing revenue and customs laws.

**2. Customs duties ⬤⇒124—Foreign ship, within convenient distance of coast to permit unloading cargo by small boats, held within jurisdiction of United States, and required to observe customs laws.**

Foreign ship, arriving within convenient distance from coast so that cargo could be introduced by use of small boats, *held* within jurisdiction of United States, and required to observe all customs laws and regulations.

**3. Customs duties ⬤⇒126—Coast Guard had authority to search vessel without warrant after finding no manifest when boarding her for inquiry as to cargo and destination (Tariff Act of Sept. 21, 1922, § 581 [Comp. St. Ann. Supp. 1923, § 5841h]).**

Under Tariff Act of Sept 21, 1922, § 581 (Comp. St. Ann. Supp. 1923, § 5841h), Coast Guard, observing foreign ship at anchor had authority, to board her for inquiry as to cargo