MOORE, APPELLEE, *v.* DENUNE & PIPIC, INC., APPELLANT.

[Cite as Moore v. Denune & Pipic (1971),
26 Ohio St. 2d 125.]

(No. 70-321—Decided May 12, 1971.)

126

Mr. *Stefan Levy* and Mr. *Gordon E. Williams*, for appellee.

Messrs. *Sebastian, Durst & Marsh* and Mr. *Rick E. Marsh*, for appellant.

POTTER, J. The appellant has presented four propositions of law. We consider two issues raised by the propositions to be dispositive of the case. The issues concern the construction and application of R. C. 4101.11 *et seq.*, sometimes referred to as the frequenter statutes, and the rule of *res ipsa loquitur*. Essentially, this cause involves the defining of the duty owed by the defendant, owner and contractor, to the plaintiff, an employee of a subcontractor, and whether a violation of that duty under the facts of the case can be established by the application of the rule of *res ipsa loquitur*. It has long been established that the rule of *res ipsa loquitur* is not a substantive rule of law, or one of liability, but is a rule of evidence which permits the trier of facts to infer negligence after the trial court determines, as a matter of law, the application of the rule. *Glowacki* v. *North Western Ohio Ry. & Power Co.* (1927), 116 Ohio St. 451; *Sherlock* v. *Strouss-Hirshberg Co.* (1936), 132 Ohio St. 35; *Hake* v. *George Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65, wherein many Ohio cases bearing on the application of the rule are set forth.

R. C. 4101.11, which is the basis of plaintiff's claim as

to the duty owed to him by defendant, has also been the subject of much earlier comment by this court. The problem has been whether that statute creates yet another standard of conduct apart from the classical categories of social guest, licensee, invitee and trespasser. We note the invitation extended in 95 A. L. R. 2d 1016, 32 A. L. R. 3d 508, and *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125, to disregard traditional classifications and adopt a rule of ordinary care under all the circumstances. While we do not accept this invitation, we do not think that the statutes require us to enlarge the classifications and create still another. In the recent case of *Debie* v. *Cochran Pharmacy-Berwick* (1967), 11 Ohio St. 2d 38, this court approved the holding in *Ford Motor Co.* v. *Tomlinson* (1956), 229 F. 2d 873. In the *Ford* case, the court enumerated and considered the many cases interpreting the frequenter statutes. It held, at page 879, as follows:

"* * * The simple fact seems to be that, at least with respect to 'frequenters,' the Ohio appellate courts have not regarded those statutes as exacting a duty substantially different from that imposed generally by Ohio law upon an owner of property towards an invitee."

The *Ford* case also quoted the first paragraph of the syllabus of *Davis* v. *Charles Shutrump & Sons Co.* (1942), 140 Ohio St. 89, which reads as follows:

"Where the premises upon which construction work is to be performed by a contractor remains under the control of the principal employer while the work is in the course of performance, a servant of the contractor is an invitee and as such entitled to recover from the principal employer for any injury which he may sustain by reason of the abnormally dangerous condition of the premises, only if the principal employer has, and the servant has not, actual or constructive notice of the existence of such condition."

The defendant in the instant case had a duty to warn the plaintiff of the defective stairway only if it knew, or should have known, of the hazard.

Special instruction No. 4* permitted the jury to find that the defendant had, or should have had, such knowledge merely on the happening of the accident. The rule of *res ipsa loquitur* has been almost universally denied where defendant's knowledge of the hazard is a prerequisite in the proof of negligence. 39 Ohio Jurisprudence 2d 589, Negligence, Section 66.

Where proof of knowledge is required, ruling out *res ipsa loquitur* is based upon the premise that in *res ipsa loquitur* situations the defendant must have exclusive management and control. *Fink* v. *New York Central Rd. Co.* (1944), 144 Ohio St. 1; *Renneckar* v. *Canton Terminal Restaurant* (1947), 148 Ohio St. 119; *Soltz* v. *Colony Recreation Center* (1949), 151 Ohio St. 503; *Huggins* v. *John Morrell & Co.* (1964), 176 Ohio St. 171; *Hake* v. *George Wiedemann Brewing Co., supra* (23 Ohio St. 2d 65). In the instant case, as in the storekeeper cases (see *Price* v. *Dot's Super Market* (1964), 177 Ohio St. 122; 39 Ohio Jurisprudence 2d 589, Section 66; and 65A Corpus Juris Secundum 615, Section 220.24), many persons had access to the premises and used the stairs. To apply the rule of *res ipsa loquitur* under such circumstances would violate the principle that defendant is not an insurer. Defendant was not required to be a contractor, inspector and watchman at any and all times. *Sherlock* v. *Strouss- Hirshberg Co., supra* (132 Ohio St. 35), and *Parras* v. *Standard Oil Co.* (1953), 160 Ohio St. 315.

We therefore hold that the duty owed by the defendant to the plaintiff was that owed to an invitee, as con-

---

*Special Instruction No. 4:

"I charge you that the defendant, Denune & Pipic, Inc., had management, custody and control of the premises including the stairs where plaintiff, Kenneth B. Moore, was injured on December 1, 1961, and that if you find that the accident is such as in the ordinary course of events does not happen if the one having management, custody and control uses ordinary care, this affords reasonable evidence in the absence of explanation by the defendant, Denune & Pipic, Inc., that the accident arose from the want of ordinary care on its part, and that, therefore, defendant Denune & Pipic, Inc., was negligent."

strued in *Davis* v. *Charles Shutrump & Sons Co., supra* (140 Ohio St. 89). Although the plaintiff in his amended petition pleaded specific acts of negligence (see *Fink* v. *New York Central Rd. Co., supra*; *Oberlin* v. *Friedman* [1965], 5 Ohio St. 2d 1, as to the propriety), the record is void of any proof of negligence. Holding that the rule of *res ipsa loquitur* is not applicable, the judgment of the Court of Appeals is reversed, and final judgment is rendered for the defendant.

*Judgment reversed.*

O'NEILL, C. J., KERNS, DUNCAN, CORRIGAN and STERN, JJ., concur.

SCHNEIDER, J., concurs in the syllabus and judgment.

KERNS, J., of the Second Appellate District, sitting for HERBERT, J.

POTTER, J., of the Sixth Appellate District, sitting for LEACH, J.