Earl Ray **HOLLAND, individually and for and on behalf of Jody Lee Holland, a minor, as natural guardian and next friend of Jody Lee Holland, a minor, Plaintiffs,**

v.

**WEYHER/LIVSEY CONSTRUCTORS, INC., a Delaware corporation; Joss Enterprises, Inc., a Wyoming corporation; Union Pacific Land Resources Corporation, a Nebraska corporation; Bush & Gudgell, Inc., a Utah corporation; and Tom McGuire, McGuire Construction, Defendants.**

**WEYHER/LIVSEY CONSTRUCTORS, INC., a Delaware corporation, Third Party Plaintiff,**

v.

**Dorothy McLEELAN, Third Party Defendant.**

**No. C86–0029–B.**

United States District Court, D. Wyoming.

Jan. 14, 1987.

Roy A. Jacobson, Jr., Vehar, Beppler, Jacobson, Lavery & Rose, Evanston, Wyo., Marion D. Lamb, Jr., Tallahassee, Fla., for plaintiffs.

Julie Nye Tiedeken, Southeast Wyoming Law Offices, Lawrence G. Orr, Guy, Williams, White & Argeris, Cheyenne, Wyo., D. Thomas Kidd, Casper, Wyo., Thomas R. Karrenberg, William P. Schwartz, Hansen and Anderson, Salt Lake City, Utah, Jack D. Palma, Patrick Day, Holland and Hart, Cheyenne, Wyo., John I. Henley, Vlastos, Brooks and Henley, Casper, Wyo., for defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

BRIMMER, Chief Judge.

This matter came before the Court on defendants' motions for summary judgment pursuant to Fed.R.Civ.P. 56. The Court, having heard the arguments of counsel, having reviewed the pleadings, and being fully advised in the premises, FINDS and ORDERS as follows:

Plaintiff Jody Holland and a friend decided to play on a hill near their residence. The hill was actually an abandoned pile of coal tailings in which subsurface fires smoldered. Plaintiff was seriously burned when he broke through the surface of the slag heap. He was eleven years old at the time of the accident.

The tailings were deposited on the site in the late 1800's or early 1900's. Defendant Union Pacific Land Resources Corporation (UPLR) later acquired the land. UPLR sold the property to Samuel Lincoln, the principal shareholder and manager of defendant Joss Enterprises, Inc. (Joss). UPLR retained the mineral estate. Lincoln immediately conveyed to Joss, which subdivided the land as an industrial park.

Joss hired defendant Bush & Gudgell, Inc. (Bush & Gudgell) to provide engineering services for the project, to design the roads within the subdivision, and to secure county approval for the final plat. Defendant Tom McGuire, Tom McGuire Construction (McGuire) was hired to construct the

roads and to remove ashes from the side of the slag heap.

Defendant Weyher/Livsey Constructors, Inc. (Weyher/Livsey) employed plaintiff's father. Weyher/Livsey leased a motel or "mancamp" from Joss and in turn leased the rooms to its employees. The mancamp adjoined the construction site. The tailings were one-half to three-quarters of a mile away. Plaintiff did not have permission to be in the construction area. The site, however, was not fenced, and no warning signs were posted.

Plaintiffs brought this action seeking damages for the injuries suffered by Jody Holland. All of the defendants now move for summary judgment. A party moving for summary judgment must show the absence of a genuine issue of material fact. The evidence presented must be viewed in the light most favorable to the opposing party. *Weir v. Anaconda Co.*, 773 F.2d 1073, 1079 (10th Cir.1985). When a properly supported motion for summary judgment is made, the opposing party may not merely rest on the allegations in the complaint but rather must respond with some factual showing of the existence of a genuine issue of material fact. *Id.* at 1081. Conclusory allegations, general denials or mere argument are insufficient. *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 834 (10th Cir.1986).

**Landowner Liability in Wyoming**

Several defendants argue that the provisions of Wyo.Stat. §§ 34–19–101 to –106 (1977), immunize them from liability. The Act provides that "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for recreational purposes." *Id.* § 34–19–102. Recreational purposes include, but are not limited to, hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, and winter sports. *Id.* § 34–19–101(a)(iii). The Act also provides that:

... an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

(i) Extend any assurance that the premises are safe for any purpose;

(ii) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed;

(iii) Assume responsibility for or incur liability for any injury to person or property caused by an act of omission of such persons.

*Id.* § 34–19–103(a).

Defendants argue that the statute bars this action because plaintiff Jody Holland entered the land to hike and play. From this they conclude that the tailings were used for recreational purposes and that they owed Jody Holland no duty other than to refrain from harming him willfully or wantonly.

Defendants misapprehend the goal of the Act. The statute's purpose is "to encourage landowners to make land and water areas available to the public by limiting liability in connection therewith." *Yalowizer v. Husky Oil Co.*, 629 P.2d 465, 469 (Wyo.1981) (quoting Ch. 9, Session Laws of Wyo., 1965). The legislature intended to increase access to Wyoming's recreational areas, not to permit landowners to lay traps for the public and then claim immunity under the Act. The tailings, moreover, were located in an industrial subdivision, not on recreational land. Defendants' analysis of the statute would convert any area into "recreational land" whenever a child wanders onto a dangerous site to play.

Wyoming's Supreme Court discussed the Act in *Yalowizer v. Husky Oil Co., supra.* The plaintiff in *Yalowizer* drove her vehicle through the driveway of an abandoned service station. A steel plate covering a pit slipped, throwing plaintiff against the windshield of her automobile. The Wyoming Supreme Court concluded that the statute did not apply. *Id.* at 469. This shows that the Act does not afford absolute immunity to landowners. The Court therefore concludes that the Act does not apply and that the principles enunciated in *Yalowizer* control this case.

Wyoming follows the common law distinctions between trespassers, licensees and invitees. *Yalowizer v. Husky Oil Co.*, 629 P.2d at 469. A trespasser enters or remains on land without privilege. A licensee is privileged to enter or remain on land by virtue of the possessor's consent. An invitee is either a public or business invitee. A public invitee is invited to enter the land as a member of the public for a purpose for which the land is held open to the public. A business invitee is invited to enter for a purpose directly or indirectly related to the possessor's business dealings. *Id.* at 467. Mere acquiescence in the presence of strangers does not constitute an invitation requiring the possessor to use reasonable care to make the premises safe. *Id.*

Landowners in Wyoming owe no duty of care to trespassers or licensees, except to refrain from wantonly or willfully injuring them. *Id.* Willful and wanton misconduct is an intentional act "of an unreasonable character in disregard of a risk known to [the actor] or so obvious that he must have been aware of it and so great as to make it obvious that harm would follow. It is usually accompanied by a conscious indifference to the consequences amounting to a willingness that they shall follow." *Id.* at 470 n. 6. Each defendant's motion for summary judgment will be examined in turn with these standards in mind.

**Union Pacific Land Resources**

UPLR argues that it owed plaintiff Jody Holland no duty of care. UPLR did not control the land at the time the accident occurred and did not deposit the coal tailings on the property. UPLR also points out that a vendor of land is not liable for harm which occurs after the vendee takes possession. *Restatement (Second) of Torts* § 352 (1965).

■ Plaintiffs challenge this conclusion on two grounds. They would hold UPLR liable as a vendor of land under *Restate-*

*ment (Second) of Torts* § 353, an exception to § 352. A vendor who conceals or fails to disclose any unreasonably dangerous condition is liable to the vendee and others upon the land *with the consent of the vendee* if (a) the vendee lacked reason to know of the danger and (b) the vendor has reason to know of the danger and has reason to believe the vendee will not discover the danger. *Id.* § 353. Plaintiffs contend that UPLR's disclaimer of liability for previous mining operations in the deed given to Mr. Lincoln indicates that UPLR had reason to know of the danger. Plaintiffs also urge that whether the condition was disclosed to Lincoln by UPLR at the time of sale is an issue of material fact.

These arguments are flawed by plaintiffs' failure to meet the test outlined in § 353 of the *Restatement.* The rule requires that the injured third party be upon the land with the vendee's consent. *Id.* Plaintiffs made no showing that Joss consented to Jody Holland's entry. Mere acquiescence in a third parties' presence does not constitute an invitation. *Maher v. City of Casper,* 67 Wyo. 268, 219 P.2d 125 at 128 (1950). Plaintiff's theory fails under the *Restatement (Second) of Torts* § 353.

■ Plaintiffs also contend that UPLR remains liable as the owner of the mineral estate. The mineral estate may be liable to the surface owner for damages to personal property caused by waste deposited on the surface estate. *See* Annotation, *Right of mineral lessee to deposit topsoil, waste materials and the like upon lessor's land not being mined,* 26 A.L.R.2d 1453 (1952). The liability of the mineral estate to the owner of the surface estate, however, does not necessarily extend to third parties. Further, the rule addresses damage to real and personal property, not personal injury. Accordingly, this theory of liability also falls.

Plaintiffs failed to demonstrate genuine issues of material fact as to their claim against defendant UPLR. Summary judgment in favor of UPLR is therefore warranted.

**Bush & Gudgell**

Bush & Gudgell performed engineering work on the project, prepared the subdivision plat and secured county approval of the plat. The company was not responsible for analyzing the soil conditions or for supervising the actual construction of the subdivision. The firm did, however, physically inspect the site when it surveyed and laid out the roads. (Gudgell aff. at 3).

Bush & Gudgell argues that the complaint should be dismissed because plaintiffs failed to allege the essential elements of a negligence claim. A motion to dismiss, however, is untimely. Motions under Fed.R.Civ.P. 12(b) must be filed with or before the answer. Bush & Gudgell's answer to plaintiffs' second amended complaint did not include a motion to dismiss. Moreover, Bush & Gudgell's motion raises matters outside the pleadings. The motion will therefore be treated as one for summary judgment. Fed.R.Civ.P. 12(b).

Bush & Gudgell claims that the undisputed facts show that it had no legal duty to warn plaintiffs. Bush & Gudgell was not obligated or authorized to perform, and did not perform, construction or supervisory services for this project.

■ Plaintiffs contend that professionals and those who undertake skilled work must warn of known dangers. *Banner v. Town of Dayton,* 474 P.2d 300, 302 (Wyo.1970). Gudgell's affidavit states that the firm physically inspected the property. Plaintiffs conclude from that statement that Bush & Gudgell had reason to know of the danger and therefore had a duty to warn of its existence. They also contend that Bush & Gudgell failed to study public documents that should have alerted it to the need to perform additional work. This argument misapprehends the nature of the duty owed in such situations. Assuming without deciding that Bush & Gudgell owed a duty to issue warnings about the dangerous tailings, the duty would run to the landowner, not to third parties. *See, e.g., Banner v. Town of Dayton, supra; Anderson v. Bauer,* 681 P.2d 1316, 1323 (Wyo.1984) (builder's failure to examine suitability of

**414**

lots for home building constituted evidence of negligence in suit by home buyer). Plaintiffs failed to raise material facts controverting Bush & Gudgell's showing that it owed no duty to plaintiffs, and summary judgment is proper.

**Weyher/Livsey**

■ Weyher/Livsey employed plaintiff Earl Holland at the time of the accident. Plaintiffs rented living quarters at the mancamp from Weyher/Livsey which Weyher/Livsey in turn leased from Joss. Weyher/Livsey contends that summary judgment is warranted because a lessee owes no duty to its invitees to keep adjoining parcels safe, where the lessee does not own or control those parcels. *See* 62 Am.Jur.2d *Premises Liability* § 13 (1972). Weyher/Livsey further contends that the Restatement of Torts does not apply to it, because Weyher/Livsey does not meet the definition of "possessor of land." The Restatement defines a possessor of land as:

> (a) a person who is in occupation of the land with intent to control it or
>
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Restatement (Second) of Torts* § 328E (1965).

Weyher/Livsey points out that the undisputed facts of this case show that it did not occupy nor was it entitled to occupy the property on which the accident occurred. It contends that summary judgment must therefore be granted.

Plaintiffs first respond that, when an employer supplies housing to its employees, the employer must be sure that the housing and surrounding premises are safe, even if the dangerous condition is created by a third party. As authority plaintiffs cite 53 Am.Jur.2d *Master & Servant* § 198 at 254 (1970), which states that:

... the courts generally hold an employer liable for injuries to an employee received in the course of his employment by reason of dangers existing on nearby or adjoining premises, where it is reasonably certain that the defendant's employee while working is liable to come into contact with such nearby danger and be injured. The test is not whether the employer's place within itself is reasonably safe for employees, but whether it is reasonably safe from all internal and external dangers which are liable to do injury to his employees. However, it is necessary to show that the injury was one which might have been anticipated by the employer.

Plaintiffs failed, however, to demonstrate the existence of material facts suggesting that the accident was reasonably foreseeable by Weyher/Livsey.

Plaintiffs also assert that one who provides services necessary for another's person is liable for physical harm resulting from the failure to exercise reasonable care if (a) the failure to exercise reasonable care increases the risk of harm or (b) the harm is suffered because of the other's reliance upon the undertaking. *Restatement (Second) of Torts* § 323 (1965). Plaintiffs failed to present facts from which the Court can infer that Weyher/Livsey provided plaintiffs with services "necessary for the protection of the other's person or things" or that plaintiffs relied upon Weyher/Livsey's undertaking.

Each theory is unsupported by material facts demonstrating the existence of a duty owed by Weyher/Livsey to plaintiffs. Instead, plaintiffs rely on mere argumentation. The propriety of summary judgment with respect to UPLR, Bush & Gudgell, and Weyher/Livsey is not bound up in the facts of this case. The issue instead concerns whether defendants owed a cognizable legal duty to plaintiffs. Plaintiffs failed to demonstrate and cannot demonstrate the existence of material facts showing that these defendants owed plaintiffs a duty of care. Summary judgment is there-

fore warranted in favor of these defendants.

**Joss Enterprises**

Plaintiffs advance several theories of recovery against defendant Joss, the owner of the land on which the slag heap was located. These include a theory of strict liability based on the notion that Joss conducted abnormally dangerous activities upon its land, that plaintiff Jody Holland was a business invitee or licensee, or upon an attractive nuisance theory.

Joss contends that Wyoming does not impose strict liability on landowners. Plaintiffs argue that:

> (1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.
>
> (2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

*Restatement (Second) of Torts* § 519 (1977).

Plaintiffs state that this principle was recognized by the Wyoming Supreme Court in *Wheatland Irrigation Dist. v. McGuire*, 537 P.2d 1128 (Wyo.1975). Even if the court did recognize strict liability, it also observed that:

> ... a part of the evolution of the liability concept in this area has had to do with the *use* to which the owner has put his land. If he is doing the natural and ordinary thing required and expected in the locality he will be regarded as using the premises in a manner which will permit him to be judged by the rules of negligence instead of being held as a liability insurer against remote consequences.

*Id.* at 1138 (emphasis in original).

■ Plaintiffs failed to demonstrate why Joss' activity—subdividing a parcel of land for industrial use—is abnormally dangerous. Abnormally dangerous conditions normally entail conduct such as storing explosives in urban areas, pile driving, and fumigating buildings with cyanide. W. Prosser, *The Law of Torts* § 78 at 510 (4th ed. 1971). Claims that earth moving operations and grading of hillsides constitute abnormally dangerous activities have been rejected by the courts. *Id.* at 511. Because plaintiffs failed to show that a triable issue of fact exists concerning whether Joss' conduct constituted an abnormally dangerous use of its land, this theory of liability cannot stand.

■ Plaintiffs next contend that Jody Holland was a business invitee. A business invitee is invited to enter the property for a purpose directly or indirectly related to the possessor's business dealings. *Yalowizer v. Husky Oil Co.*, 629 P.2d at 467. Plaintiffs' presence at the motel was directly related to Joss' business dealings, because Joss leased the premises to Weyher/Livsey knowing that Weyher/Livsey would rent them to plaintiffs. Joss argues that plaintiff was a trespasser because Joss did not consent to Jody Holland's presence on this land.

There is no evidence to support the contention that Joss invited Jody Holland to enter its premises. In his deposition, Jody Holland stated that he entered Joss' land to play. Even if Joss acquiesced in the entry, that alone is insufficient to show that Jody Holland was an invitee. *Maher v. City of Casper*, 219 P.2d at 128. The undisputed facts show that Jody Holland was not an invitee.

Accordingly, Jody Holland must be considered a licensee or a trespasser. The duty owed to licensees and trespassers is the same: to refrain from injuring them willfully or wantonly. *Yalowizer v. Husky Oil Co.*, 629 P.2d at 467. The courts recognize several exceptions to this general rule. Plaintiffs rely on two such exceptions. A possessor of land is liable to licensees for physical harm caused by conditions on the land if the possessor knows or should know of the condition and its potential risk and fails to exercise reasonable care to make the condition safe or to warn the licensee. *Restatement (Second) of Torts* § 342 (1965). Wyoming rejected the Restatement's standard of reasonable care, how-

ever, and adopted a willful and wanton standard. *Yalowizer v. Husky Oil Co.*, 629 P.2d at 467, 469. Thus, section 342 of the Restatement does not assist plaintiffs.

The second exception, however, leads to a different result. Even if Jody Holland was a trespasser:

[a] possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

*Restatement (Second) of Torts* § 339 (1965).

■ This exception is apparently recognized in Wyoming. *See Thomas v. South Cheyenne Water & Sewer Dist.*, 702 P.2d 1303, 1304–05 (Wyo.1985). Joss failed to show that the tailings were not an attractive nuisance and thus failed in its burden of showing its entitlement to summary judgment. *Weir v. Anaconda Co.*, 773 F.2d 1073, 1079 (10th Cir.1985). Plaintiffs, moreover, have presented facts from which it might be inferred that the tailings were an attractive nuisance. Samuel Lincoln admitted that the slag pile might attract children. (Lincoln dep. at 219–20). Defendant Tom McGuire contends that Joss' agents knew of the condition of the property yet failed to take precautions. (McGuire aff.). Jody Holland did not observe the dangerous condition of the tailings. (J. Holland dep.). These statements, viewed in a light most favorable to plaintiffs, suggest that Joss knew that children were likely to trespass, that Joss knew or should have known that the condition involved a serious risk of harm, and that Jody Holland did not discover the dangerous condition. Triable issues of fact also remain concerning whether Jody Holland did or should have discovered the danger and the benefit of maintaining the condition compared to the risk it creates.

For these reasons, partial summary judgment in Joss' favor is warranted. Plaintiffs failed to place material facts in issue to show that they may recover on a theory of strict liability. Plaintiffs also failed to present facts from which the Court could infer that Jody Holland was a business invitee. Similarly, plaintiffs' argument that § 342 of the *Restatement (Second) of Torts* applies is undercut by the decision in *Yalowizer v. Husky Oil Co., supra.* Summary judgment is therefore granted on those claims. Summary judgment on the theory of attractive nuisance is denied, however, because plaintiffs demonstrated the existence of triable factual issues.

**Tom McGuire, McGuire Construction**

■ McGuire moved and graded the earth at the construction site. He also removed ashes from the side of the slag heap. McGuire argues that he is entitled to summary judgment because, at the time of the accident, his work was completed and accepted. He relies on the rule that, where an independent contractor completes work and the work is accepted by the owner, the contractor is not liable for injuries suffered by third parties if the defect is not hidden. *Black v. Peter Kiewit Sons' Co.*, 94 Idaho 755, 497 P.2d 1056, 1058 (1972).

An issue of material fact exists, however, concerning whether this defect in fact was hidden. Mr. McGuire stated that the hot areas exposed by the excavation would cool overnight and that he and his employees often walked through the ashes without incident. (McGuire aff. at 3, ¶ 7).

Viewed in a light most favorable to plaintiffs, these statements suggest that the danger was hidden and that the rule stated above therefore does not apply. Further, one who erects a structure or creates any other condition is liable to others for physical harm caused by the condition after the work is accepted by the possessor. *Restatement (Second) of Tort* § 385 (1965). For these reasons, McGuire's motion for summary judgment must be denied. It is therefore

ORDERED and ADJUDGED that the motions of defendants Union Pacific Land Resources Corporation, Bush & Gudgell, Inc., and Weyher/Livsey Constructors, Inc. be, and the same hereby are, granted, and all of plaintiffs' claims against these defendants are hereby dismissed. It is further

ORDERED and ADJUDGED that the motion of defendant Joss Enterprises, Inc. be, and the same hereby are, granted with respect to plaintiffs' claims of strict liability and liability based on business invitee status. The motion is denied on plaintiffs' claim for recovery on a theory of attractive nuisance. It is further

ORDERED that the motion of defendant Tom McGuire, Tom McGuire Constructors, Inc. be, and the same hereby is, denied.