24847. BOURN v. HERRING et al.

24851. MATHIS v. HERRING et al.

24852. R. L. MATHIS CERTIFIED DAIRY COMPANY v. HERRING et al.

24853. GRANT PARK BAPTIST CHURCH v. HERRING et al.

UNDERCOFLER, Justice. This is a damage suit brought by a mother for the wrongful death of her minor son over the age of 14 years who drowned while attending a church Sunday school picnic at a lake resort. The suit was brought against the church, the superintendent of the Sunday school, the defendant corporation which made the picnic grounds and lake resort available, and its general manager. The petition alleged that the public was invited to the picnic grounds and lake resort for advertising purposes and to promote the sale of the defendant corporation's products. For a detailed statement of the alleged facts, see *Herring v. R. L. Mathis Certified Dairy Co.*, 118 Ga. App. 132 (162 SE2d 863). The Court of Appeals held that the petition stated a claim against all of the defendants. We granted certiorari. *Held:*

1. (a) The liability of the defendant corporation and its general manager is limited by the Act of the General Assembly of 1965 (Ga. L. 1965, p. 476; *Code Ann.* §§ 105-403—105-409). As stated therein: "Section 1. The purpose of this Act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes. . . . Section 3. Except as specifically recognized by or provided in section 6 of this Act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes. Section 4. Except as specifically recognized by or provided in section 6 of this Act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby: (a) Extend any assurance that the premises are safe for any purpose. (b) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed. (c) Assume

responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons. . . . Section 6. Nothing in this Act limits in any way any liabilty which otherwise exists: (a) for wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity. (b) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof. . . . Section 7. Nothing in this Act shall be construed to: (a) Create a duty of care or ground of liability for injury to persons or property. (b) Relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Act to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care."

As defined in Section 2 (b), " 'Owner' means the possessor of a fee interest, a tenant, lessee, occupant or persons in control of the premises." *Code Ann.* § 105-404 (b). The defendant corporation and its general manager under the allegations of the petition come within this definition of "owner."

As defined in Section 2 (c) " 'Recreational purpose' includes, but is not limited to, any of the following or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites." *Code Ann.* § 105-404 (c). The picnic and lake area made available in the instant case under the allegations of the petition come within this definition of recreational purpose.

Section 2 (d) of the Act provides: " 'Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land." *Code Ann.* § 105-404 (d). The affirmative allegations of the petition show that the picnic grounds and the lake thereon were made available to the public for advertising purposes and to promote the sale of the defendant corporation's products. We hold that these alleged benefits derived by the defendant corporation are not a "charge" as defined by the Act.

Accordingly under the provisions of the Act of 1965 the defendant corporation and its general manager are liable only for wilful and malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

The Court of Appeals erred in Division 4 and that part of Division 5 of its opinion which held that the complaint stated a claim against these defendants under allegations showing the deceased was an invitee.

(b) The plaintiff cannot raise constitutional questions as to the validity of said 1965 Act for the first time in his brief in this court. "Where it is sought to invoke a ruling by the Supreme Court on a constitutional question, the question must have been raised in the trial court and a ruling made thereon and the case brought to the Supreme Court for review." *Loftin v. Southern Security Co.,* 162 Ga. 730 (3) (134 SE 760); *Law v. State,* 219 Ga. 583 (134 SE2d 776); *Wiggins v. City of Macon,* 224 Ga. 603 (163 SE2d 747). This case does not fall within the exception made in *Calhoun v. State Hwy. Dept.,* 223 Ga. 65, 68 (2) (153 SE2d 418) where there was no opportunity to raise the question in the trial court.

2. The decedent minor child in this case was 14 years, 4 months and 20 days old. There are no allegations in the petition that he was a child of less than ordinary intelligence and understanding for his age. On the contrary, the allegations show that he had secured his social security card and worked part time for a druggist and part time at a grill in a "short order" restaurant.

"As by the law of this State a boy over fourteen years of age is presumably capable of committing crime, he is presumptively chargeable with diligence for his own safety against palpable and manifest peril, such as that of jumping from a railway train in rapid motion. In the absence of any evidence of want of ordinary capacity in the particular boy, he should not be treated as a child of 'tender years,' but as a young person who has passed that period and become chargeable with such diligence as might fairly be expected of the class and condition to which he belongs." *Central R. & Bkg. Co. v. Phillips,* 91 Ga. 526 (2) (17 SE 952). The danger of drowning in water is a palpable and manifest peril, the knowledge of which is chargeable to the decedent in this case in the absence of a showing of want of ordinary capacity. Restatement of the Law of Torts 2d, § 496D, p. 575, Comment (d).

Therefore, the plaintiff cannot recover against the church and the Sunday school superintendent for failure to exercise ordinary care in supervising the decedent's conduct in and around that lake if the decedent was a 14-year-old boy of ordinary

capacity because he would have been responsible for the same care for his own safety. However, the defendant church and the defendant Sunday school superintendent would be liable for wilful misconduct proximately causing injury to the plaintiff's son.

It follows that the allegations of the petition showing no control or supervision of the decedent by the church or by the Sunday school superintendent and that the decedent had no knowledge of the danger are insufficient to authorize a recovery. The Court of Appeals erred in its rulings in Divisions 2 and 3 holding to the contrary.

3. The Civil Practice Act of 1966 (Ga. L. 1966, p. 609; *Code Ann.* § 81A-108 (a)) has eliminated issue pleading and substituted notice pleading. See *Reynolds v. Reynolds*, 217 Ga. 234, 246 (3) (123 SE2d 115). ". . . [A] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." 2A Moore's Federal Practice § 8.13, p. 1706.

Accordingly, we hold that the petition in the instant case is sufficient to withstand the motions to dismiss because the issues of the liability of the defendants for wilful misconduct and want of ordinary capacity in the decedent remain to be determined by further proceedings.

The rulings of the Court of Appeals in Division 5 on the motions to dismiss were correct for the reasons stated herein.

4. The record shows that the trial court in ruling on the motions to dismiss did not consider matters outside the pleadings and therefore the motions were not treated as motions for summary judgment. Ga. L. 1966, pp. 609, 622; Ga. L. 1967, pp. 226, 231 (*Code Ann.* § 81A-112 (b)).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED DECEMBER 10, 1968—DECIDED JANUARY 9, 1969—
REHEARING DENIED JANUARY 23 AND FEBRUARY 6, 1969.

*Lokey & Bowden, Glenn Frick,* for Bourn.

*Freeman R. Hardisty, Frank Fuller, Ernest McDonald,* for Herring.

*Long, Weinberg & Ansley, John K. Dunlap, Palmer Ansley,* for Mathis.

*O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins,* for Grant Park Baptist Church.