### 25317, 25318. STONE MOUNTAIN MEMORIAL ASSOCIATION v. HERRINGTON (two cases).

FRANKUM, Justice. Mr. and Mrs. Herrington filed separate complaints against Stone Mountain Memorial Association, seeking damages on account of personal injuries suffered by Mrs. Herrington when she fell while walking on Stone Mountain. The trial court sustained the defendant's motions for summary judgments, and the plaintiffs appealed to the Court of Appeals, which court reversed the judgments of the trial court. We granted certiorari solely to consider the applicability to the facts in these cases of the provisions of the Act approved March 31, 1965 (Ga. L. 1965, pp. 476-478; *Code Ann.* §§ 105-403 through 105-409). Insofar as is material to this decision that Act provides that except as specifically provided therein an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition on such premises to persons entering for such purposes (*Code Ann.* § 105-405); that such owner, who either directly or indirectly invites or permits without charge any person to use his property for recreational purposes does not thereby extend any assurance that the premises are safe for any purpose, or confer upon the person using such premises the legal status of invitee or licensee to whom a duty of care is owed, or assume any responsibility for, or incur any liability for injury to person or property caused by any act or omission of such owner. *Code Ann.* § 105-406. Specifically excepted from the operation of the Act are those cases involving wilful or malicious failure to guard or warn against a dangerous condition and those cases where such owner imposes a charge for the recreational use of his land. *Code Ann.* § 105-408. Recreational purpose under the Act means hunting, fishing, swimming, boating, camping, picnick-

ing, hiking, pleasure driving, nature study, water skiing, winter sports and viewing or enjoying historical, archaeological, scenic or scientific sights. A charge means the admission price or fee asked in return for the invitation or permission of the owner to go upon the land, and owner means the possessor of a fee interest, a tenant, lessee, an occupant or person in control of the premises in question. *Code Ann.* § 105-404.

1. The defendants in certiorari contend that the Act is not applicable to the facts in these cases, first because an admission charge is made for those persons permitted to use Stone Mountain Park for recreational purposes. Under the Act " 'Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land." *Code Ann.* § 105-404 (d). With respect to this issue, the defendant filed its motions for a summary judgment in each case on August 23, 1968. On September 19, 1968, defendant's manager answered interrogatories which had previously been propounded by the plaintiff, Mrs. Herrington. The first interrogatory asked the following question: "Does the Stone Mountain Memorial Association charge an admission fee to visitors of the park? If so, answer the following: (a) How much money is charged for the admission? (b) What does said admission entitle the visitor to do?" The answer to this question was as follows: "The Association does not charge a fee of any type for any person visiting the park other than a parking permit for each vehicle entering the park area. The parking fee is at the present time two ($2.00) dollars per car. Prior to March of 1968, the fee was one ($1.00) dollar per car. Persons on foot are not charged any fee, nor is a fee charged for a number of people in any one vehicle. The fee is strictly a parking fee for the automobile to enter. (a) See above. (b) Answering subparagraph (b), defendant shows that the admission charge permits the vehicle entering to park and drive about the park premises." After the answers to the interrogatories were filed, and on November 25 and 26, 1968, affidavits of each of the plaintiffs and of Mr. Herrington's brother and sister-in-law were filed. Each of these affidavits merely stated, with reference to this issue that the "affiant and the others paid the admission charge and were invited into the park." Under the provision of *Code Ann.* § 81A-156 (c)

where one of the parties has moved for a summary judgment, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Thus, even though the movant based its motions on the pleadings in the cases and the depositions of the plaintiffs, nevertheless the court was authorized to consider at the time the judgments on the motions were rendered, not only the pleadings and those depositions relied on, but also the interrogatories and the answers thereto, and the affidavits above referred to "given for the purpose of being used in all hearings and motions" in the two civil actions in question. In the answer to the first interrogatory quoted above, the defendant's manager, by a factual statement, showed that the fee charged for admission to the park was purely a parking or driving permit for automobiles, and was in no way related to the admission of persons to the park. The affidavits of the plaintiffs filed more than two months after the answers to the interrogatories were filed and merely stating that the affiant and the others "paid the admission charge" and were invited into the park were insufficient, to meet and controvert, as is required by the party opposing the grant of a summary judgment (*Code Ann.* § 81A-156 (e)), the specific facts set forth in the answer to the interrogatory so as to create an issue of fact, since the expression "paid the admission charge" is not inconsistent with the explanation that the admission charge made is "strictly a parking fee for the automobile to enter." Thus, insofar as this contention of the defendant in certiorari is concerned there was no genuine issue of fact and the court was authorized to render the summary judgments for the defendant.

2. Defendants in certiorari next contend that the 1965 Act was intended to apply merely to privately owned land such as lands held by farmers. " 'Land' means land, roads, water, water courses, private ways and buildings, structures, and machinery or equipment when attached to the realty." *Code Ann.* § 105-404 (a). " 'Owner' means the possessor of a fee interest, a tenant, lessee, occupant or persons in control of the premises." *Code Ann.* § 105-404 (b). Nothing on the face of this Act indicates in any way an intention on the

part of the legislature to so limit its effect. The mere fact that no decided case other than one involving a dairy farmer has been found makes no difference. It is fundamental that the determining factor is the intent of the legislature and we look first to the words of the statute to determine what that intent was and if those words be plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further in determining what that intent was.

3. Since the right of the husband to recover in his case is dependent upon the right of the wife, and since on the whole record made in her case she cannot recover, he likewise cannot recover.

4. It follows that under the facts appearing in these cases the trial court properly granted the summary judgments in favor of the defendant and the Court of Appeals erred in reversing those judgments.

*Judgment reversed. All the Justices concur. Felton, J., disqualified.*

ARGUED SEPTEMBER 10, 1969—DECIDED NOVEMBER 6, 1969—REHEARING DENIED DECEMBER 4, 1969.

*Henning, Chambers, Mabry & Crichton, Eugene P. Chambers, Jr., Troutman, Sams, Schroder & Lockerman, Robert L. Pennington,* for appellant.

*Cullen M. Ward, Frank M. Eldridge, J. H. Highsmith,* for appellees.