45497. SHEPARD v. WILSON.

BELL, Chief Judge. This is an appeal from the denial of defendant's motion for summary judgment which was certified for direct appeal.

From depositions, affidavits, and answers to interrogatories it appears that plaintiff's 3-year-old son was injured while playing on a vacant lot of land owned by defendant. The lot is immediately adjacent to plaintiff's residence. On the day of the incident, defendant instructed his employee to "clean up" and stack the lumber which had been stored on the lot. During the cleanup operation, the employee built a fire in a hole or pit on the lot out of weeds and plum bushes as it "was a little cold." The employee testified in substance that after the fire burned for approximately two hours and was "down to the coals" he borrowed a neighbor's hose and sprayed the fire with water. At the time he departed at about 6 p.m., "there wasn't a bit of fire there." He also testified that "little boys" kept "coming down there jugging in the fire," "trying to start up the fire." Later plaintiff's son, who had been outside his home, playing with his brother, returned with burns about his body. Several hours later the plaintiff discovered that the hot coals still existed in the pit where the employee had built the fire on defendant's lot. Defendant in an affidavit stated that he did not prohibit children living nearby from engaging in play on the vacant lot and that no charges of any kind were made in return for the use of the lot by children.

On appeal defendant urges that the Act approved March 31, 1965 (Ga. L. 1965 pp. 476-478; *Code Ann.* §§ 105-403 and 105-409)

applies to this case. This statute has as its stated purpose the limiting of the liability of persons making land and areas available to the public for recreational purposes (*Code Ann.* § 105-403). By its express terms the landowner's liability is limited to the wilful or malicious failure to guard against a dangerous condition, use, structure or activity where the owner directly or indirectly invites or permits without charge any person to use his property for recreational purposes. §§ 4 and 6 (a) (*Code Ann.* §§ 105-406 and 105-408). This Act, however, has no applicability to the factual situation here. To say that the statute would apply to a vacant lot in a residential area under the facts of this case would extend its coverage far beyond its intended purpose. See the majority opinion in *Herring v. Hauck,* 118 Ga. App. 623 (165 SE2d 198). As this statute is not applicable, we need not pass upon the question of whether the evidence on the motion conclusively eliminates any issue that defendant breached the limited standard of care embraced in this law so as to entitle defendant to judgment as a matter of law.

Be that as it may, plaintiff's son was at best a licensee to whom the defendant owed a duty not to wilfully or wantonly injure him. *Code* § 105-402. In order to be entitled to the grant of his motion for summary judgment, the movant must show: (1) that there is no genuine issue as to any material fact and (2) that he is entitled to a judgment as a matter of law. *Code Ann.* § 81A-156. The evidence clearly raises jury questions as to whether defendant breached his duty to plaintiff's son not to injure him wilfully or wantonly. As regards a licensee, it is usually wilful or wanton not to exercise ordinary care to prevent injury to a person who is actually known to be, or reasonably expected to be, within the range of a dangerous act being done. *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609 (58 SE 1060). Defendant is not as a matter of law entitled to judgment and there was no error in denying the motion for summary judgment.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*
Submitted September 8, 1970—Decided November 13, 1970—
Rehearing denied December 4, 1970—Cert. applied for.

*Robert F. Higgins,* for appellant.
*Melton, McKenna & House, James M. Butterworth,* for appellee.