### 45866, 45867. PALMER CHEMICAL & EQUIPMENT COMPANY, INC. v. GANTT (two cases).

QUILLIAN, Judge. In case 45866 Tracy R. Gantt, a minor, filed suit by next friend for damages against Palmer Chemical & Equipment Company, Inc. The petition alleged that the plaintiff was injured because of the careless management of a chimpanzee which was in the defendant's private zoo. In case 45867 Anthony Gantt, the minor's father, sought recovery for medical expenses arising out of the same incident. In each case, the defendant moved for summary judgment which was denied by the trial judge. A certificate for immediate review was entered and defendant appeals.

The evidence revealed that: the defendant maintained a private zoo where various wild and vicious animals, including a chimpanzee, were kept; the family of Anthony Gantt and several relatives arrived at the premises of appellant company for the purpose of personal pleasure and enjoyment of viewing the animals; the family group had been invited to view the animals by a Miss Floy Terry, an employee of the defendant. Miss Terry had not specified any particular time or date, but had requested the Gantts in the summer of 1967 and again in the summer of 1968 to come and visit; the family group arrived at approximately noon, reported to the office pursuant to signs, and asked for Miss Terry; after they waited for several minutes, Miss Terry arrived and proceeded to guide the family group to see the animals; there was no charge for viewing the animals, no donation for the upkeep of the animals was requested and the defendant offered nothing for sale to the family group prior to, during or subsequent to the animal tour; the

privilege of viewing the animals was afforded to the Gantt family in accordance with the defendant's policy of opening its land for the general public to use for recreational purposes; in addition to viewing the animals and nature study, the defendant's acreage includes a lake for swimming and fishing, picnic areas, and camping facilities; the defendant has never charged the general public or any community group for providing these recreational facilities, and has never advertised its facilities; toward the conclusion of the tour, Miss Floy Terry went within the defendant's plant and removed a chimpanzee from its cage and returned with it on a leash; after being hugged by a majority of the family group, the chimpanzee bit Tracy Gantt on the foot. *Held:*

The defendant contends that *Mathis v. Herring*, 225 Ga. 67 (166 SE2d 89), should control the present case. In the *Mathis* case it was held that where the owner makes picnic grounds and lake resort available for recreational purposes without charge, the owner was liable only for wilful and malicious failure to guard or warn against a dangerous condition. However, in the *Mathis* case there were no vicious or dangerous animals present. *Code* § 105-110 provides: "A person who owns or keeps a vicious or dangerous animal of any kind, and who, by careless management of the same, or by allowing the same to go at liberty, causes injury to another who does not, by his own act, provoke the injury, shall be liable in damages to the person so injured. (88 Ga. 40 (13 SE 803))."

It is a question for the jury whether the act of the defendant's employee in removing the chimpanzee from its cage complied with that degree of care required by the above quoted Act. See *Candler v. Smith*, 50 Ga. App. 667, 670 (179 SE 395).

The overruling of the motion for summary judgment was not error.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
ARGUED JANUARY 8, 1971—DECIDED APRIL 7, 1971—
REHEARING DENIED APRIL 28, 1971.

. *Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C.*

*White, Wyche Fowler, Jr.,* for appellant.

*Johnson & Lane, Harold A. Lane, Howe & Murphy, Harold L. Murphy,* for appellees.