## 52808. EPPS v. CHATTAHOOCHEE BRICK COMPANY.

CLARK, Judge.

This appeal is by plaintiff from a summary judgment granted defendant. The issue is to determine if there is liability upon a property owner upon the facts presented where a six-year-old boy drowned when he slipped or fell into a small artificial lake located approximately 900 feet from an apartment complex. The situation presented was so similar to *Montega Corp. v. Grooms,* 128 Ga. App. 333 (196 SE2d 459) that the trial court relied upon that decision in ruling for the landowner in this suit by the mother for her son's death.

The lake was accessible either by a path through some woods or by a dirt road leading off of Bankhead Highway. Near the entrance of the dirt road were signs that read "Lake Lucky — Good Fishing — No Night Fishing" and "Lake Lucky." The property, the lake, and the approaches to it had appearances of being abandoned or not maintained.

Some of the residents of the apartment complex knew of the lake, and there is evidence that it was used by children and others on occasion. No warning signs were posted and the lake was not fenced off. The child was upon the property with three other children at the time of the tragedy.

1. Plaintiff initially contends that the trial court erred in granting summary judgment because there is an issue of material fact as to the status of the deceased child, invitee or licensee, at the time of his death.

In *Higginbotham v. Winborn,* 135 Ga. App. 753 (1) (218 SE2d 917) this court restated the test that must be met in order for a person to be classified as an invitee. The visitor must be on the owner's premises in connection with the owner's business and there must be some mutuality of

interest in the subject of the visit between the visitor and the owner. This "privity of interest" is necessary in order to hold an owner liable under either a theory of express or implied invitation. *Higginbotham,* supra, pp. 754-755, citing *Hall v. Capps,* 52 Ga. App. 150, 151 (182 SE 625). "In the absence of some relation which inures to the benefit of the two, or to that of the owner, no invitation may be implied, and the injured person must be regarded as a licensee. [Cits.] *Cook v. Southern R. Co.,* 53 Ga. App. 723, 725, 726 (187 SE 274)." *Higginbotham,* supra, p. 755.

Applying this test to the facts and construing the evidence most favorably toward the plaintiff, we find that the child was not an invitee, but at most was a mere licensee.

The plaintiff argues, however, that the presence of the signs on the property constituted an invitation to the deceased and the community at large and that the "benefit" the defendant derived therefrom was the goodwill of the community. This is without merit. If in fact defendant was providing this lake to the public for recreational purposes then its liability for injury to persons thereon is limited by Code Ann. §§ 105-403 — 105-409 (1965 Ga. L. 476). Section 105-406 (b) of that Act provides that where an owner of land directly or indirectly invites or permits any person to use his land without charge for recreational purposes he does not thereby "confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed." See *Stone Mtn. Memorial Assn. v. Herrington,* 225 Ga. 746 (171 SE2d 521) and *Bourn v. Herring,* 225 Ga. 67 (166 SE2d 89). But see *Shepard v. Wilson,* 123 Ga. App. 74 (179 SE2d 550).

Accordingly, the trial court did not err in finding that the deceased was not an invitee.

2. Since the status of the deceased at the time of his death was that of a mere licensee, then this case is controlled on its facts by *Montega Corp. v. Grooms,* 128 Ga. App. 333, supra, as was stated by the nisi prius judge. In *Montega* we reversed the trial court's denial of the defendant's motion for summary judgment on facts even more detrimental to that defendant's position than those presented here. Accordingly, the grant of summary judgment to defendant landowner is affirmed.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED NOVEMBER 12, 1976.

*Freeman & Mobley, James H. Mobley, Jr., E. Marcus Davis,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, J. M. Hudgins,* for appellee.