351 So.2d 1073 (1977)
Martha EDWARDS and John B. Edwards, Her Husband, Appellants,
v.
KINGS POINT HOUSING CORP., a Florida Corporation, Sykes Flooring Company, a Florida Corporation, North River Insurance Company, a Corporation, and Acousti Engineering Company, Appellees.
KINGS POINT HOUSING CORPORATION, Appellant,
v.
Martha EDWARDS and John B. Edwards, Her Husband, Sykes Flooring Company, a Florida Corporation, North River Insurance Company, a Corporation, and Acousti Engineering Company, Appellees.
Nos. 76-1418  76-1519.
District Court of Appeal of Florida, Fourth District.
October 11, 1977.
Rehearing Denied December 9, 1977.
Larry A. Klein, West Palm Beach, and Law Offices of Thomas G. Purdo, Boynton Beach, for appellants-Edwards.
Louisa H. Smith-Adam of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellant-Kings Point Housing Corporation.
Marjorie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for appellees-Acousti Engineering Co.
PER CURIAM.
Two appeals have been consolidated. In Case No. 76-1418 the plaintiffs, Martha and John Edwards, appeal a summary final judgment against them in favor of the defendant Acousti Engineering Company. In Case No. 76-1519 the defendant Kings Point Housing Corporation appeals a summary final judgment on its crossclaim in favor of codefendant, Acousti Engineering Company. We reverse in both appeals.
*1074 In Case No. 76-1418, we conclude that Acousti failed to meet its burden of showing conclusively the absence of any genuine issue of material fact. Acousti relied solely upon Mrs. Edwards' deposition testimony, but all this shows is that Mrs. Edwards could not of her own knowledge prove that the defendant was negligent. This is not enough to negate the issue of the defendant's negligence. Matarese v. Leesburg Elks Club, 171 So.2d 606 (Fla.2d DCA 1965); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. Supreme Court, opinion filed September 8, 1977).
In Case No. 76-1519 the summary judgment was entered on the basis of res judicata. In an earlier third party complaint by Kings Point against Acousti, involving the same issue, the trial court entered an "order granting summary judgment." However, this was not a final appealable order; it therefore could not be the basis of res judicata.
REVERSED and REMANDED.
ALDERMAN, C.J., and CROSS, J., and MILLER, ROBERT P., Associate Judge, concur.