59665. ERICKSON v. CENTURY MANAGEMENT COMPANY
et al.

Banke, Judge.

The appellant sued to recover for personal injuries which she sustained while swimming in a pool on the premises of a motel owned and operated by the appellees. The appellant was not a customer of the motel but was attending a party given by the management in celebration of the Fourth of July. The public was invited, and there was no admission charge.

The trial court awarded summary judgment to the appellees on the basis of Ga. L. 1965, pp. 476-478 (Code Ann. §§ 105-403 through 105-409), which limits the liability of landowners who make land and water areas available to the public for recreational purposes without charge. The appellant contends that this legislation does not apply to the operation of a swimming pool owned by a private business establishment. *Held:*

The stated purpose of the Act is "to encourage owners of land to make land and water areas available to the public for recreational purposes . . ." Code Ann. § 105-403. We do not believe that the term "land and water areas" can reasonably be construed to encompass a swimming pool. Instead, the term clearly has reference to larger bodies of water, i.e., lakes and seashores. The appellees base their contention that the Act specifically applies to this case on the fact that swimming is one of the recreational purposes listed in Code Ann. § 105-404 (c), which provides that the term "recreational purpose" "includes, but is not limited to hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, winter sports, and viewing or enjoying

historical, archaeological, scenic, or scientific sites." However, we view this language as a further indication that the Act was intended to apply only to relatively large tracts of land and water, since only two or three of these activities could conceivably be done in any other setting. "In the interpretation of statutory terms, the doctrine of construction, *noscitur a sociis* prevails. That is, the meaning of particular terms in a statute may be ascertained by reference to words associated with them in the statute." 73 AmJur2d 406-407, Statutes, § 213.

Our holding that the Act has application only to large tracts of land or water is consistent with its previous applications. See, e.g., *Bourn v. Herring*, 225 Ga. 67 (166 SE2d 89) (1969) (lake resort); *Stone Mountain Memorial Assn. v. Herrington*, 225 Ga. 746 (171 SE2d 521) (1969) (Stone Mountain Park). Cf. *Epps v. Chattahoochee Brick Co.*, 140 Ga. App. 426 (1) (231 SE2d 443) (1976) (artificial lake). The more liberal construction urged by the appellees and adopted by the trial court would provide insulation from tort liability to any business which provided some form of free recreation as an incentive to attract customers. This could easily lead to absurd results. As pointed out by the appellant, even a private night club which allowed dancing at no charge would arguably be covered under this type of construction.

We do not at this point attempt to delineate precisely how large a land or water area must be before it is covered by the Act. We do find, however, that a motel swimming pool is not covered. Since, there is a genuine issue of material fact in the case as to whether the appellant was injured as the result of the appellees' failure to exercise reasonable care to provide safe facilities and proper supervision during the party, the award of summary judgment to the appellees is reversed.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED APRIL 15, 1980 — DECIDED MAY 2, 1980 —

*David N. Rainwater*, for appellant.
*Frank H. Lowe, Jr., George M. Mixon*, for appellees.