387 So.2d 515 (1980)
Joseph E. HEFFERNAN, Jr., Appellant,
v.
CONSOLIDATED ALUMINUM, INC., Etc., et al., Appellees.
No. 79-105.
District Court of Appeal of Florida, Fourth District.
September 3, 1980.
*516 Jeff Tomberg of Law Offices of Tomberg & Tomberg, P.A., Boynton Beach, for appellant.
Don Beverly of Beverly & Freeman, West Palm Beach, for appellee Consolidated Aluminum, Inc.
ANSTEAD, Judge.
This is an appeal from a final summary judgment.
The appellant was injured when a ladder slipped out from beneath him. He sued the owner and manufacturer of the ladder, alleging negligence on the part of the owner and strict liability on the part of the manufacturer. At the time of the hearing on the motion for summary judgment the only evidence in the record consisted of the depositions of the appellant and the ladder owner who both witnessed the accident. In our view these depositions did conclusively establish the lack of any actionable negligence on the part of the ladder owner.
However, the depositions were inconclusive as to the existence of a defect in the ladder attributable to the manufacturer. Both the appellant and the owner testified in essence that neither had done anything to cause the accident and to the best of their knowledge the accident was caused by the failure of the "feet" of the ladder to properly grip the asphalt surface upon which the ladder was placed. The manufacturer submitted no proof, other than prior accident-free use of the ladder, to establish the lack of a defect. Under these circumstances we believe it was error to enter summary judgment for the manufacturer.
The burden is not on the claimant to prove his cause of action when a motion for summary judgment is filed. Rather, the burden is upon the moving party, in this case the manufacturer, to establish the absence of any material issue of fact as to his responsibility. Edwards v. Kings Housing Corp., 351 So.2d 1073 (Fla. 4th DCA 1977). In this case the manufacturer submitted no proof as to the condition of the ladder other than the testimony of the appellant and the ladder owner, and that proof, as discussed above, is simply inconclusive as to the existence of a defect.
Accordingly, the final summary judgment is affirmed as to the appellees, Mervin Gleasner and his insurer, Reserve Insurance Company, and reversed as to the appellee, Consolidated Aluminum, Inc.
LETTS, C.J., and MOORE, J., concur.