## 62593. NORTH v. TOCO HILLS, INC.

McMURRAY, Presiding Judge.

Toco Hills, Inc. is a Georgia corporation located and doing business in DeKalb County, Georgia. On June 28, 1980, it was the owner of a small pond located on its property in Gwinnett County, Georgia, having purchased same in June 1979. The area near and around the pond was heavily overgrown with weeds and tall grass. On June 28, 1980, Thomas North was fishing at the pond during daylight hours. In deciding to walk from one fishing point at the pond to another he walked along a well-worn pathway and ascended a slight incline. He slipped and fell forward into overgrown weeds and vegetation wherein a roll of rusty metal fencing or concrete

reinforcing mesh with sharpened metal points, pointing upward, was concealed, thereby injuring himself when one of the spikes punctured his abdomen. North contends he had been fishing at this pond for some 10 or 15 years and that others had fished in the pond for some 20 years, inasmuch as he resided across the street from the pond. Following his injury the pond was drained in July 1980 in order to kill off the remaining fish therein.

Thomas North sued Toco Hills, Inc., alleging in substance the above facts in three counts, contending the failure of defendant to warn him of the danger was the direct and proximate result of his injury whereby he incurred medical expenses, lost wages, and pain and suffering arising out of the circumstances due to the latent danger of which defendant had knowledge or should have had knowledge. In addition, in Count 1 plaintiff contends defendant failed to warn him of the danger and sought additional damages in the amount of $1 million to deter defendant from like conduct in the future. In Count 2, also seeking $1 million, he contends that the defendant maintained a mantrap or pitfall of which it had knowledge and should have warned him of the latent danger to prevent his injury, the defendant being allegedly guilty of wilful and wanton disregard of the plaintiff and others. In Count 3 he alleges the above constituted a private nuisance maintained by the defendant and that he was entitled to recover actual damages of $375,000 and exemplary damages in the amount of $1 million.

Defendant answered, admitting jurisdiction but otherwise denying the claims against it and setting forth, inter alia, defenses that plaintiff's injuries, if any, were caused, produced and brought about by his own negligence; defendant breached no duty to plaintiff, and plaintiff failed to state a claim upon which relief can be granted.

After discovery defendant moved for summary judgment. This motion was granted after a hearing, and plaintiff's complaint dismissed. Plaintiff appeals. *Held:*

The single issue here is whether or not summary judgment is available to a landowner against a person who sustains injury on real property where questions of fact exist as to the injured person's status while on the property as to any duty of the landowner arising therefrom with particular reference to the law as to the liability of owners of recreational areas. See Georgia Laws 1965, pp. 476-478 (Code Ann. §§ 105-403 through 105-409). This law has been adopted to encourage landowners to make land and water areas available to the public by limiting the liability in connection therewith, prescribing the duty of care owed by landowners to those using the land for recreational purposes, the duty of care owed by landowners to invitees and permittees. Recreational purposes as covered in that

Act covers fishing, among others, and excepts said owners from the duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure or activity on such premises to persons entering for recreational purposes (Code Ann. § 105-405). It does not extend any assurance that the premises are safe for any purposes where no fee is charged any person to use said property for recreational purposes. It expressly does not confer upon such person the "legal status of an invitee or licensee to whom a duty of care is owed," and the owner of the land does not assume responsibility for or incur liability for any injury to person or property caused by an action of omission of such persons (Code Ann. § 105-406). However, nothing in the law limits in any way any liability which otherwise exists for "wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity" (Code Ann. § 105-408). This statute does not create a duty of care or ground of liability to persons or property, nor does it relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this law to exercise care in his use of such land in his activities thereon, "or from the legal consequences of failing to employ such care" (Code Ann. § 105-409).

Here the defendant neither invited nor charged for the use of the land for recreational purposes, consequently the Act (Code Ann. §§ 105-403 through 105-407) would prevent the plaintiff from maintaining a suit (under admitted facts set forth above) for actual damages incurred when he slipped and fell on a roll of metal fencing or a reinforcing bar concealed in the heavy underbrush while using the property for recreational purposes, that is, while fishing, where the owner incurred no liability by reason of the statute. Nor can it be said that the defendant was liable for maintaining a private nuisance for which the plaintiff would be entitled to recover actual damages and punitive damages.

However, the law expressly states that it does not in any way limit liability which otherwise would exist "[f]or wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity." In Count 2 the plaintiff alleges that defendant was guilty of "wilful, wanton disregard of the rights of Plaintiff and others by failing to anticipate the presence of Plaintiff at all times, and to remove or at least warn about said latent danger," and that the defendant maintained a mantrap or pitfall of which the defendant failed to make known to others the hidden danger, and alleges it should have warned plaintiff or removed said danger. Under the status of the record here as disclosed by the limited discovery the trial court did not err in granting summary judgment as to Counts 1 and 3;

but as to Count 2 an issue of fact remains as to whether defendant wilfully or maliciously failed to guard or warn against a dangerous condition on the property. There were no warning signs forbidding the use of the property. Generally, an expressed denial of the use of this land for recreational purposes shows clearly the property is not made available specifically for that purpose. *Ga. Power Co. v. McGruder,* 229 Ga. 811 (194 SE2d 440). Some evidence, however, has been produced that the property had been used for dumping of debris and other construction related materials, which appears to have caused plaintiff's injury. See *Bourn v. Herring,* 225 Ga. 67 (166 SE 2d 89); *Stone Mountain Memorial Assn. v. Herrington.* 225 Ga. 746 (171 SE2d 521); *London Iron &c. Co. v. Abney,* 245 Ga. 759, 761-762 (2) (267 SE2d 214); *Abney v. London Iron &c. Co.,* 152 Ga. App. 238, 241 (3) (262 SE2d 505); *Epps. v. Chattahoochee Brick Co.,* 140 Ga. App. 426 (231 SE2d 443). Compare *Erickson v. Century Management Co.,* 154 Ga. App. 508 (268 SE2d 779); *Shepard v. Wilson,* 123 Ga. App. 74 (179 SE2d 550); *Montega Corp. v. Grooms,* 128 Ga. App. 333 (196 SE2d 459).

All ambiguities and conclusions on consideration of summary judgment must be construed most favorably toward the respondent and against the movant. *J. C. Penney Cas. Ins. Co. v. Williams,* 149 Ga. App. 258, 261 (2) (253 SE2d 878). As a general proposition issues of negligence, diligence, contributory negligence, proximate cause, and lack of ordinary care for one's own safety are not susceptible to summary adjudication but must be generally resolved by a jury except in plain, palpable and indisputable cases where reasonable minds could not disagree. See *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 236 (227 SE2d 336); *Chapman v. St. Francis Hospital,* 156 Ga. App. 5, 6 (274 SE2d 62); *Beck v. Blackerby,* 156 Ga. App. 15 (274 SE2d 68); *Waller v. Transworld Imports,* 155 Ga. App. 438, 439 (271 SE2d 1).

*Judgment affirmed in part and reversed in part. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 21, 1981.

*Michael L. Wetzel,* for appellant.
*Palmer H. Ansley,* for appellee.