PER CURIAM.
We reverse the summary judgment entered in favor of the defendants, Jefferson Stores, Inc., the shopping center owner, and Winn Dixie Stores, Inc., Jefferson’s tenant and operator of a grocery store, upon a holding that, viewing the evidence most favorably to the plaintiffs, there exist genuine and material issues of fact precluding the entry of summary judgment, Wills v. Sears, Roebuck & Company, 351 So.2d 29 (Fla.1977), Holl v. Talcott, 191 So.2d 40 (Fla.1966), including (a) whether the ramp upon which Betty Fogel says she fell was negligently designed by Winn Dixie and, if so, the design negligently approved by Jefferson; and (b) whether the purpose and location of the ramp were such that Jefferson or Winn Dixie, or both, had a duty to maintain it, and whether such duty was breached. Our holding that summary judgment was improper requires us to reverse the separate cost judgment entered in favor of the defendants and obviates the necessity of addressing other grounds for reversal asserted by the plaintiffs.
Reversed and remanded.