GRIMES, Judge.
Appellants were concerned over termites. As a condition of the purchase of their home, they required the seller to furnish them with a “current termite inspection report from a licensed exterminating company showing the premises to be free of visible evidence of active infestation of subterranean or drywood termites.” At closing, they obtained from the seller an assignment of a contract for subterranean termite control. Notwithstanding, about three months after the purchase, their parquet floors were infested with subterranean termites. Appellants sued the pest control inspector (Amick) for negligently certifying the house to be free of active infestation, the pest control company under contract (Arab) for negligent treatment, and the seller (LeBar) for concealment of the existence of the termites. The court granted summary judgment to all defendant/appel-lees. We reverse.
The only evidence in this record is the deposition of a state entomologist and two affidavits by pest control operators. The entomologist confirmed the existence of the infestation in the parquet floors, but he could not say whether the termites would have been apparent at the time the house was sold or whether any of appellants’ damage was attributable to negligent treatment. However, the pest control operators opined that the home had been infested by termites for at least eighteen months before appellants bought it and that the previous termite treatment was improper. Except in their unsworn pleadings, neither of the appellee pest control companies has even asserted that its work was properly accomplished, and Mrs. LeBar has not yet denied under oath that she was unaware of termites when she sold her house. It may be that none of the appellees are responsible for the appellants’ damages, but at this point they have not carried their burden of showing the absence of genuine issues of material fact. Wills v. Sears Roebuck & Co., 351 So.2d 29 (Fla.1977); Heffernan v. Consolidated Aluminum, Inc., 387 So.2d 515 (Fla. 4th DCA 1980).
We reverse the summary judgment with respect to all appellees and remand the case for further proceedings.
HOBSON, A.C.J., and CAMPBELL, J., concur.