489 So.2d 123 (1986)
Jacqueline M. CUTLER, As Legal Representative of the Estate of Linda K. Cutler, Deceased, Appellant,
v.
ST. JOHN's UNITED METHODIST CHURCH OF EDWARDSVILLE, ILLINOIS, Appellee.
No. BH-294.
District Court of Appeal of Florida, First District.
May 19, 1986.
Hugh M. Davenport of Smith, Davenport, Bloom & Harden, Jacksonville, for appellant.
Karen K. Cole of Boyd, Jenerette, Staas, Joos, Williams & Felton, P.A., Jacksonville, for appellee.
SMITH, Judge.
Appellant, plaintiff below, appeals a final summary judgment in favor of St. John's United Methodist Church (St. John's) in this action for negligent supervision of her seventeen year old daughter, who drowned at Jacksonville Beach during a church-sponsored and organized trip to Florida from Illinois. The trial court was apparently convinced that based on this court's decision *124 in Clark v. Lumberman's Mutual Insurance Co., 465 So.2d 552 (Fla. 1st DCA 1985), St. Johns had breached no legal duty owed to the decedent, who was old enough to appreciate the dangers of swimming in the ocean. We reverse.
In contrast to the factual record before the trial court and this court in Clark, the record in this case consists solely of appellant's second amended complaint,[1] St. John's answer, St. John's motion for summary judgment (without any supporting affidavits) based on the sole ground that it had breached no legal duty owed to the decedent, and appellant's affidavit which was filed in opposition to the motion.[2] Without further discovery, the trial court entered summary judgment, apparently agreeing with St. John's that it breached no legal duty owed to the decedent. Based on the limited facts in this record, we hold the trial court's ruling was premature.
In Clark, the plaintiff, John Clark, was injured while on a church-organized canoe trip when he dove into shallow water. Clark instituted suit, alleging in part that the church violated its duty to warn and to adequately supervise the canoeing trip. After considerable discovery, the trial court granted the church's motion for summary judgment finding, among other things, that the church did not breach any legal duty owed Clark and that Clark's actions were the sole proximate cause of his injury. The evidence showed that Clark  twenty-one years old, in excellent health, a good swimmer and familiar with water sports  was aware of the relatively shallow depth of the water and, by his own admission, knew the danger of diving into shallow water. On these facts this court found that Clark was barred from recovering because his own action in executing a deep dive into the shallow water instead of a shallow dive was the proximate cause of his accident.
In so holding, this court cited Bourn v. Herring, 225 Ga. 67, 166 S.E.2d 89 (1969), appeal dismissed, 400 U.S. 922, 91 S.Ct. 192, 27 L.Ed.2d 183 (1970). Clark, 465 So.2d at 556, n. 2. In Bourn, the Georgia Supreme Court held that a church and its representatives would not be liable for failure to exercise ordinary care in supervising a fourteen year old youth of ordinary capacity who drowned in a lake during a Sunday school picnic because the youth was responsible for the same care for his own safety. St. John's interprets this court's decision in Clark, and its citation of Bourn, as setting forth a rule of law that anyone fourteen years or older, who is of ordinary capacity, appreciates the danger of swimming in water so that a drowning accident which occurs is chargeable to the actions of that person and not to the negligence of another.
St. John's misapprehends our decision in Clark. There we held that "even assuming, arguendo, that the church owed a duty of adequate supervision ..., the breach of which would render it liable for ordinary negligence," the plaintiff could be, and was, under the evidence produced, barred from recovery, since his actions constituted the sole proximate cause of his diving accident. Clark, 456 So.2d at 556. Clark had sufficient "intelligence, experience, and knowledge to  and in fact did  both detect and appreciate the physical characteristics of the swimming place in question and the potential danger involved in attempting his shallow water dive." Id. (emphasis supplied). Clark's age was only one of the many facts considered by the court in rendering its decision. Moreover, this court's use of the signal "See also" and the *125 citation of Bourn in a footnote of its opinion as support for the proposition that Clark appreciated the known dangers of making a shallow dive did not amount to an adoption of the holding and result in that case.
The burden of a party moving for summary judgment is more onerous in a negligence action; and unless the movant can show that there is no negligence, or that plaintiff's negligence is the sole proximate cause of the injury, a summary judgment will not be sustained. Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30-1 (Fla. 1977). To establish that the defendant is not negligent it must be shown that the defendant owed no duty to the plaintiff in the first instance or that he did not breach the duty owed. Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977).
Although we refrain from defining the extent of St. John's duty in this case based on the limited facts available in this record, at the very least St. John's, who undertook to care for appellant's child, had the duty to exercise ordinary care for the protection of the child, measured in accordance with the ability of the child to care for herself. 57 Am.Jur.2d, Negligence, §§ 37, 88.[3]
Florida has abandoned the rule that a plaintiff's contributory negligence will bar recovery, and has adopted the doctrine of comparative negligence. That is to say, if it appears from the evidence that both the plaintiff and the defendant were guilty of negligence which was, in some degree, a legal cause of injury to the plaintiff, the jury should apportion the negligence of the plaintiff and the negligence of the defendant; then, in reaching the amount due the plaintiff, the jury should give the plaintiff only such an amount proportioned with his negligence and the negligence of the defendant. Hoffman v. Jones, 280 So.2d 431, 438 (Fla. 1973). Although contributory negligence (the neglect of the duty imposed on all persons to observe ordinary care for their own safety) is no longer a complete bar to recovery by a plaintiff, it is still essential in actions based on negligence to analyze the plaintiff's conduct in terms of whether the plaintiff has exercised ordinary care for his or her own safety. 38 Fla.Jur.2d Negligence § 74.
We find instructive this court's decision in Isenberg v. Ortona Park Recreational Center, Inc., 160 So.2d 132 (Fla. 1st DCA 1964) (sixteen year old injured when she ran into glass door on defendant's premises), where this court discussed the necessary factors to be considered in analyzing whether a plaintiff has exercised ordinary care for her safety. The court stated:
In determining whether a particular individual has been guilty of contributory negligence at a particular time, it is necessary to consider (1) the characteristics of that individual  age, intelligence, experience, knowledge, physical condition, etc.  which would affect his ability to detect dangerous conditions or appreciate the degree of hazards involved in conditions actually observed; (2) the physical facts  the extent to which the particular hazard is noticeable and the degree of alertness to avoid such a hazard reasonably called for by surrounding circumstances; and (3) the action taking place  the incidents of movement, sound and physical activities of the individual charged with contributory negligence and other persons and objects, animate and inanimate.
Isenberg, 160 So.2d at 134.
As stated earlier, the trial court had evidence of all of these considerations before it in Clark, and based on the facts adduced, this court agreed with the trial court's ruling that Clark's actions were the sole proximate cause of his injury. In comparison, the record before us is devoid of any facts concerning the decedent's intelligence, experience, or knowledge and appreciation *126 of the ocean and the dangers involved in swimming in the ocean; the extent of the duties and responsibilities expressly or impliedly undertaken by St. John's; and the facts and circumstances surrounding the occurrence itself by which negligence or lack of negligence of either St. John's or the decedent can reasonably be determined. Under such circumstances, it cannot be said that appellant is barred from proceeding further on the grounds that the evidence is susceptible to no conclusion other than that the decedent's actions constituted the sole proximate cause of her drowning.
The final summary judgment is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
WENTWORTH, J., concurs.
BOOTH, C.J., dissents.
NOTES
[1] Appellant alleges St. John's negligently: (1) failed to warn decedent of the dangers of swimming in the ocean which dangers were unknown to her; (2) failed to determine whether lifeguards were on duty when it permitted decedent to swim in the ocean; (3) failed to adequately determine whether decedent had sufficient swimming ability to be permitted to swim in the ocean; and (4) failed to adequately monitor and supervise members of the church group when they were allowed to swim in the ocean.
[2] Appellant filed the affidavit of decedent's father to the effect that without the assurance and indications from St. John's management that the children would be well supervised, he and appellant would not have allowed their daughter to participate in the trip.
[3] There is some authority for the proposition that even a higher duty of care might exist where the organization receives a benefit from the relationship or is in the position of moral authority over the child. Annot., Youth Camps Liability for Injury to Child, 88 ALR3d 1236 (1978).