525 So.2d 972 (1988)
Holly CHELTON, Appellant,
v.
TALLAHASSEE-LEON COUNTY CIVIC CENTER AUTHORITY, Appellee.
No. 87-908.
District Court of Appeal of Florida, First District.
May 12, 1988.
Rehearing Denied June 23, 1988.
*973 Douglas P. Jones of Mcfarlain, Sternstein, Wiley and Cassedy, Tallahassee, for appellant.
John S. Derr of Field, Granger, Santry & Mitchell, Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, Holly Chelton, appeals a final summary judgment entered in favor of appellee, Tallahassee-Leon County Civic Center Authority (Civic Center). Because this case presents factual issues to be resolved by the trier of fact, we reverse and remand for further proceedings.
On September 23, 1983, appellant and a friend arrived at the Civic Center to attend a concert. At the time they arrived, the concert had already started, and the house lights were off. They asked an usher to show them the section where their seats were located. He pointed to the section. Appellant and her friend walked around to that section and then showed their ticket stubs to another usher and inquired where their particular seats were. At her deposition, appellant testified as follows: "So, I remember I asked him once. And I said, `Well, where is that?' And he said, `Around to the left.' And I said, `Where is that?' And he said, `It's right down there,' no specific answer." Appellant further testified:
I asked him twice where it was because he said, "Over there," and that didn't satisfy me, "Around to the left." I remember asking him twice because, I mean, that didn't  "Around there to the left," didn't mean anything to me... . He didn't give us any numbers or ask to walk us. He just further described where [the seats] were.
Appellant followed her friend down the stairwell in an attempt to look for the seats. Her friend was in front of her by approximately three steps. While descending the steps, appellant lost her footing, fell forward and smashed her lip on the concrete stair step. Appellant is unclear as to what caused her to lose her balance. Although she testified that she slipped, she also testified that she did not remember slipping on anything. However, she does remember losing traction and falling forward. Appellant knows of no one who saw her fall. Although she does not remember seeing the steps lit, appellant assumed that she could see something because she could see her friend descending the steps in front of her. She does not remember if she was looking at the seats to try to find a particular row or number. As she stated during her deposition: "You could see the  we were looking for the row. So, I assumed we could see, when we stopped and looked, where the rows were, yes." Appellant testified that she was aware of the steepness of the stairs as she was walking down the stairs and that the steepness or grade of the stairs may have had something to do with her fall.
The Civic Center opened its doors on December 14, 1981. In July of 1982, handrails were added to the stairway areas of the Civic Center. Prior to the installation of the handrails, the Civic Center had received *974 complaints that the stairs were steep and that handrails were needed. The handrails, patterned after handrails in the Omni Complex in Atlanta, Georgia, were installed by the in-house maintenance group of the Civic Center in an attempt to eliminate some accidents which had occurred at the Civic Center. Although there have been accidents on the steps in the Civic Center subsequent to the installation of the handrails, Mr. Rodney L. Spencer, the Director of the Civic Center, believes that fewer accidents have occurred since the installation of the handrails. Mr. Spencer confirmed that there were no warning signs at the Civic Center advising patrons to watch their step.
With respect to the lighting in the Civic Center, although the Civic Center maintains no written records of when the lights are turned on and off, Mr. Spencer testified at his deposition that the concourse of the Civic Center is lighted at all times during a concert. Additionally, the entranceways into the seating areas are fully lighted, and the lights on the stairwells are on. The stairwell lights are small lights on the edge of the seats that illuminate the stairway. Although the stairwell lights are on, the Civic Center ushers carry flashlights when they are on duty.
The ushers on duty at the Civic Center have the primary responsibility of assisting people in finding their seats. Although the ushers do not walk every single person to his seat, if a person is having trouble, the ushers are instructed to physically walk that person to his seat. The ushers are instructed to use their flashlights when they take patrons to their seats.
Appellant filed a complaint against the Civic Center alleging three causes of action. Appellant alleged that the Civic Center (1) negligently failed to maintain its premises in a reasonably safe manner by operating the Civic Center in almost total darkness so that the steps could not be adequately seen and by failing to have reasonable safety measures and warnings to protect patrons against the dangerous steps, (2) negligently failed to provide sufficient ushers or other attendants necessary to reasonably supervise and safeguard its patrons, and (3) knew of the existing dangerous conditions and negligently failed to warn the plaintiff of the dangerous conditions existing at the time the accident occurred. Upon the Civic Center's motion, the trial court entered summary judgment in favor of the Civic Center and against appellant.
"A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985); Universal Underwriters Insurance Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218, 219 (Fla. 1st DCA 1987).
"If the evidence ... will permit ... different reasonable inferences, or if there is evidence tending to prove the issues, it should be submitted to a jury as a question of fact to be determined by it, and not taken from the jury and passed upon by the Court as a question of law."
Jancisko v. Levy, 517 So.2d 41, 41 (Fla. 3d DCA 1987). "Thus, the burden of the moving party in a motion for summary judgment is to demonstrate that the facts show the party moved against cannot prevail." Multitech Corporation v. St. Johns Bluff Investment Corporation, 518 So.2d 427, 430 (Fla. 1st DCA 1988). In negligence actions, a movant's burden is even more onerous due to Florida's adoption of comparative negligence. Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30 (Fla. 1977). A defendant must show no negligence or that plaintiff's own negligence was the sole proximate cause of the injury. Cutler v. St. John's United Methodist Church of Edwardsville, Illinois, 489 So.2d 123, 125 (Fla. 1st DCA 1986). "To establish that the defendant is not negligent it must be shown that the defendant owed no duty to the plaintiff in the first instance or that he did not breach the duty owed." Id.
Where a defendant's motion for summary judgment is supported only by proof that the plaintiff could not, of her own knowledge, prove that the defendant *975 was negligent, summary judgment is inappropriate. Edwards v. Kings Point Housing Corp., 351 So.2d 1073, 1074 (Fla. 4th DCA 1977). "A plaintiff's failure to prove cannot be a proper basis for a summary final judgment for a defendant." Vilardebo v. Keene Corp., 431 So.2d 620, 622 (Fla. 3d DCA), app. dismissed, 438 So.2d 831 (Fla. 1983). Even though certain circumstances may exist where it affirmatively appears from the pleadings, affidavits, and discovery that a plaintiff will not be able to prove his case at trial, see Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla. 1959); Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975), cert. dismissed, 336 So.2d 105 (Fla. 1976), a review of the record does not conclusively show that appellant will be unable to prove any negligence on the part of the Civic Center. Material issues of fact remain regarding the adequacy of the lighting of the stairways. Rubey v. William Morris, Inc., 66 So.2d 218 (Fla. 1953); Carter v. Parker, 183 So.2d 3 (Fla. 2d DCA 1966). Material issues remain as to whether the policy of the Civic Center regarding the duties of its ushers was adequate and whether the ushers in contact with appellant followed such policies. Material issues of fact remain regarding the design of the stairs and the Civic Center's notice of any design defects, including steepness. Spence v. Pen Air Federal Credit Union, 421 So.2d 20 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 7 (Fla. 1983); Fogel v. Winn Dixie Stores, Inc., 407 So.2d 1054 (Fla. 3d DCA 1981). Furthermore, whether the Civic Center's "handrail remedy" was adequate for the problem or whether warning signs should have also been placed in the Civic Center are also material issues of fact which should be determined by a jury. Combs v. Aetna Insurance Co., 410 So.2d 1377 (Fla. 4th DCA 1982); Ellis v. McCaskill, 382 So.2d 808 (Fla. 2d DCA), rev. denied, 389 So.2d 1112 (Fla. 1980).
Mr. Spencer's deposition, submitted by the Civic Center in support of its motion for summary judgment, did not conclusively establish the lack of any actionable negligence on the part of the Civic Center. On summary judgment, when a defendant's deposition is inconclusive as to the existence of a material fact, summary judgment should not be granted. Heffernan v. Consolidated Aluminum, Inc., 387 So.2d 515 (Fla. 4th DCA 1980).
Although a presumption of correctness attaches to a trial court's order, the appellate court must draw every possible inference in favor of the party against whom the summary judgment motion is made. Wills v. Sears, Roebuck & Co., 351 So.2d 29, 32 (Fla. 1977). A review of the record reveals that the Civic Center has not carried its burden of showing conclusively that there was no genuine issue as to any material fact.
Accordingly, we REVERSE the trial court's order granting summary judgment in favor of the Civic Center and REMAND for further proceedings.
MILLS and JOANOS, JJ., concur.