752 So.2d 82 (2000)
Michael JENNARO and Margaret Jennaro, Appellants,
v.
BONITA-FORT MYERS CORPORATION; Naples-Fort Myers Kennel Club, Inc., and Southwest Florida Enterprises, Inc., Appellees.
No. 2D98-4870.
District Court of Appeal of Florida, Second District.
February 23, 2000.
Kent A. Johanson of Johanson Law Office, Bonita Springs, for Appellants.
Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellees.
NORTHCUTT, Judge.
Michael Jennaro and his wife, Margaret, sued the owners and operators of the Naples-Fort Myers Kennel Club for injuries he suffered in a fall on the kennel club premises. The defendants obtained a summary judgment, which we reverse.
While attending dog races at the kennel club, Jennaro fell as he descended the grandstand steps to place a bet. His complaint alleged that the defendants were negligent because the tread sizes of the steps on which he fell were not uniform, the steps lacked a handrail, and they were not marked with a warning. In his deposition and answers to interrogatories, Jennaro could not pinpoint the cause of his fall. He did not think he had slipped or tripped on any foreign substance. He did mention the condition of the steps as alleged in his complaint. Later, in an affidavit filed in opposition to the defendants' motion for summary judgment, Jennaro was more forthright in his assertion that he would not have fallen were it not for those conditions.
The defendants contended below, and argue here, that they were entitled to summary judgment because Jennaro had not *83 proved that the steps were dangerous, and because even he could not say that he had fallen as a result of the alleged conditions. They also argue that Jennaro's affidavit should be disregarded as an unjustified, and therefore impermissible, attempt to change his testimony to avoid summary judgment. We need not concern ourselves with this last contention, because the defendants were not entitled to summary judgment in any event.
When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action. Rather, the court's function is solely to determine whether the record conclusively shows that the claim cannot be proved as a matter of law. See Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995); Chelton v. Tallahassee-Leon County Civic Ctr. Auth., 525 So.2d 972 (Fla. 1st DCA 1988). Moreover, in a negligence case the defendant does not meet this burden merely by showing that the plaintiff himself is not sure what caused his injury. Rather, to obtain summary judgment the defendant must establish unequivocally that it was not negligent or that the plaintiff's negligence was the sole proximate cause of the injury. See Sawyer v. Allied Int'l Holdings, Inc., 707 So.2d 761 (Fla. 2d DCA 1998); Hervey, 650 So.2d 644; Chelton, 525 So.2d 972; Edwards v. Kings Point Hous. Corp., 351 So.2d 1073 (Fla. 4th DCA 1977). See also Roach v. Raubar, 362 So.2d 84 (Fla. 3d DCA 1978) (reversing directed verdict in favor of defendant, court held that evidence of damaged stair step showed prima facie case even though plaintiff did not testify that broken step caused her fall).
In this case, the Jennaros alleged conditions which, if proved, could support a jury's finding of negligence and causation. See Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959). As movants for summary judgment, the defendants were required to conclusively disprove either that they were negligent or that their negligence was a proximate cause of Jennaro's injuries. Because they did neither, we reverse the summary judgment and remand for further proceedings.
FULMER, A.C.J., and GREEN, J., Concur.