971 So.2d 256 (2008)
Patricia FIEDLER, Appellant,
v.
Mary Ellen JAMES, individually, and Anvil Acres Stables, a business entity not registered with the State of Florida, Appellees.
No. 2D06-5697.
District Court of Appeal of Florida, Second District.
January 4, 2008.
*257 Wesley T. Straw of Justin C. Johnson & Associates, P.A., St. Petersburg, and Brandon S. Vesley of Keane, Reese, Vesley & Gerdes, P.A., St. Petersburg, for Appellant.
Wayne Tosko of Vasquez & Tosko, LLP, Orlando, for Appellees.
NORTHCUTT, Chief Judge.
Patricia Fiedler sued Mary Ellen James and her business, Anvil Acres Stables, for damages allegedly caused by the defendants' negligence in connection with a fire at the stables. One of Fiedler's horses was killed in the blaze and another was severely burned. After some discovery was completed the defendants moved for summary judgment, contending that they were entitled to judgment because Fiedler was not able to show any negligence on the part of James or Anvil.[1] The court entered final summary judgment in favor of the defendants. We reverse.
We review a summary judgment de novo. Smith v. Frontier Commc'ns Int'l, Inc., 805 So.2d 975, 977 (Fla. 2d DCA 2001). We are compelled to repeat that a party moving for summary judgment must conclusively demonstrate that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Olson v. Johnson, 961 So.2d 356, 358 (Fla. 2d DCA 2007). We examine the evidence supporting the summary judgment in this case with that principle in mind.
Fiedler's complaint asserted that James and Anvil owed a duty to refrain from creating dangerous conditions that could result in a fire at the stables and that they breached the duty either by storing wood chips improperly or by placing in *258 the barn an electric fan that was unsafe for use there. The defendants' motion for summary judgment contended that Fiedler was unable to show any negligence on their part because, at her deposition, she testified that she did not know the cause of the fire and had no information about what the defendants did or failed to do that caused or contributed to the fire. The motion further noted that James testified at her deposition that she did not know what caused the fire or what she could have done wrong that might have led to the fire. The defendants filed both depositions in support of their summary judgment motion.
On a negligence defendant's motion for summary judgment, the court's function is solely "to determine whether the record conclusively shows that the claim cannot be proved as a matter of law." Jennaro v. Bonita-Fort Myers Corp., 752 So.2d 82, 83 (Fla. 2d DCA 2000). The question is not whether the plaintiff has evidence to prove her case at a given point in the litigation or has personal knowledge of facts establishing the defendant's negligence. Rather, as we explained in Jennaro, the defendant must "establish unequivocally that it was not negligent or that the plaintiff's negligence was the sole proximate cause of the [damage]." Id. This burden is not met merely by showing that the plaintiff is not sure what caused her damages. Id. In this case James and Anvil, as the moving parties, simply failed to meet their burden, and thus they did not establish that they were entitled to summary judgment as a matter of law.
Reversed and remanded.
SALCINES and LaROSE, JJ., Concur.
NOTES
[1] James and Anvil also asserted that the boarding contract Fiedler signed prevented her from recovering damages for mere negligence. The circuit court made no ruling on the contract defense, and therefore it does not play a part in our analysis of this case.